UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

  -v-                                                  No. 09-CR-542-LTS

CARLOS ALBERTO CORREA-CASTANO,        ORDER

          Defendant.

-------------------------------------------------------x

        The Court has received Defendant Carlos Alberto Correa-Castano's pro se motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (docket entry no. 121), the Government's opposition to that motion (docket entry no. 123), and Defendant's reply (docket entry no. 126).

        Section 3582(c)(1)(A) provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 117-39).  Section 3582(c)(1)(A)'s exhaustion requirement is a "claim-processing rule," United States v. Saladino, 7 F.4th 120, 121 (2d Cir. 2021), reflecting Congress's "intent that the BOP have the opportunity and obligation, in the first instance, to decide whether to move for compassionate release and reduced sentences for eligible inmates," in part because "prison administrators are well-positioned to 'prioritize the most urgent claims' and 'investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist.'"  United States v. Chappell, No. 16-

CR-512 (LTS), 2020 WL 3415229, at *3 (S.D.N.Y. June 22, 2020) (quoting United States v. Alam, 960 F.3d 831, 835 (6th Cir. 2020)).  Though some courts have permitted equitable exceptions to this administrative requirement, they have generally done so upon a showing that, for example, "waiting for [a movant] to exhaust his remedies would both be futile and cause him irreparable harm."  See, e.g., United States v. Pena, 459 F. Supp. 3d 544, 549 (S.D.N.Y. 2020) ("For Mr. Pena to wait an additional three weeks (until 30 days lapse and the exhaustion requirement is satisfied) could be the difference between life and death[.]").

On reply, Mr. Correa-Castano concedes that he has "failed to exhaust [his] administrative remedies," as required under section 3582(c)(1)(A), but asks the Court to excuse that failure because (1) Defendant is "not an eligible inmate to get a parole by reducing the minimum term of the sentence to time served," in that he is not a United States citizen, and (2) because delay of consideration of Defendant's motion would disserve the interests of Defendant's family members.  Mr. Correa-Castano proffers no authority for the proposition that a Court may or should excuse Section 3582(c)(1)(A)'s exhaustion requirement in every case where the movant is a non-citizen.  Moreover, while the Court is sympathetic to the difficulties Defendant reports his family is undergoing, Mr. Correa-Castano has not shown that he is subject to the sort of potentially life-threatening circumstances which courts have found to justify an equitable exception to Section 3582(c)(1)(A)'s exhaustion requirement.

Mr. Correa-Castano represents on reply that if the Court concludes that he must "exhaust his administrative remedies" before it considers his motion, he "will."  Therefore, in the interests of justice, the Court will hold Mr. Correa-Castano's motion seeking compassionate release in abeyance pending Mr. Correa-Castano's showing that he has exhausted his

administrative remedies.  Upon such a showing, and to avoid further delay, the Court will consider Mr. Correa-Castano's motion fully submitted and address the merits of that motion.

Chambers will mail a copy of this Order to Mr. Correa-Castano.

SO ORDERED.

Dated: New York, New York
September 7, 2021

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copy mailed to:**[1]

Carlos Alberto Correa-Castano
Reg. No. 63867-054
FCI Bennettsville
Federal Correctional Institution
P.O. Box 52020
Bennettsville, SC 29512

Carlos Alberto Correa-Castano
Reg. No. 63867-054
FCI Bennettsville
Federal Correctional Institution
P.O. Box 52010
Bennettsville, SC 29512

---

[1] The Bureau of Prisons website for FCI Bennettsville directs that inmate mail be sent to "P.O. Box 52020," while Mr. Correa-Castano's reply lists his return address as at "P.O. Box 52010."