UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                    No.  09-CR-542-LTS

CARLOS ALBERTO CORREA-CASTANO,

       Defendant.

--------------------------------------------------------x

<u>MEMORANDUM DECISION AND ORDER</u>

      The Court has received Defendant Carlos Alberto Correa-Castano's motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A).  (Docket entry no. 121 ("Motion").)  On June 15, 2012, upon pleading guilty, Mr. Correa-Castano was convicted of one count of conspiracy to distribute and possess with the intent to distribute cocaine and heroin in violation of 21 U.S.C. sections 841(b)(1)(A) an 846, and one count of conspiracy to import cocaine and heroin into the United States in violation of 21 U.S.C. sections 960(b)(1)(B) and 963.  On October 11, 2012, the Court sentenced him principally to a term of imprisonment of 180 months on each count, to run concurrently, to be followed by a five-year term of supervised release.  (Docket entry no. 95.)  Mr. Correa-Castano is currently incarcerated at the Federal Correctional Institution ("FCI") Bennettsville (a medium security facility in South Carolina), and is currently expected to be released from Bureau of Prisons ("BOP") custody on or about September 13, 2022.  BOP, <u>Find an inmate</u>, https://www.bop.gov/mobile/find_inmate/ (last visited October 27, 2021).

      Mr. Correa-Castano, who is a Colombian national with a pending detainer lodged on him by United States Immigration and Customs Enforcement ("ICE"), seeks immediate release from custody, claiming principally that his need to serve as a caretaker for his minor

daughter and his mother (as a result of his father's death in March 2021 from COVID-19), his

completion of the substantial majority of his sentence without disciplinary incident, and the

conditions of his incarceration during the COVID-19 pandemic constitute extraordinary and

compelling reasons to reduce his sentence.  (Motion at 1-3 & Ex. A-D; docket entry no. 126

("Reply") at 1-2; docket entry no. 128 ("Surreply") at 1-7.)  On August 18, 2021, the

Government filed its opposition the motion.  (Docket entry no. 123 ("Opp.").)

The Court has considered all of the parties' submissions and arguments carefully

and, for the following reasons, grants Mr. Correa-Castano's motion for compassionate release.

<u>DISCUSSION</u>

Mr. Correa-Castano seeks an order directing his compassionate release under 18

U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully
> exhausted all administrative rights to appeal a failure of the Bureau of
> Prisons to bring a motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the defendant's
> facility, whichever is earlier, may reduce the term of imprisonment . . .
> after considering the factors set forth in section 3553(a) to the extent that
> they are applicable, if it finds that . . . extraordinary and compelling
> reasons warrant such a reduction . . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 117-51).[1]  The Court therefore considers

"the factors set forth in section 3553(a) to the extent that they are applicable," and then

considers, in light of those factors, whether the defendant's proffered "extraordinary and

compelling reasons" warrant a reduction in the defendant's sentence.  The Court may consider

"the full slate of extraordinary and compelling reasons that an imprisoned person might bring

---

[1]     Mr. Correa-Castano has satisfied section 3582(c)(1)(A)'s exhaustion requirement.  (<u>See</u>
        Surreply.)

before [it] in motions for compassionate release" in determining whether those reasons warrant a

sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant

has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A).

United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

        The Court's consideration of the section 3553(a) factors[2] at the time of Mr.

Correa-Castano's sentencing hearing, on October 11, 2012, is reflected in the transcript of that

hearing.  As to the nature and circumstances of the offense, the Court considered that Mr.

Correa-Castano facilitated the "regular and ongoing" importation from Colombia into the United

States of "significant distribution quantities of narcotics," including through the use of

commercial airline employees as couriers, though Mr. Correa-Castano "was not so much [ ] a

principal as [ ] a broker" in that importation and distribution conspiracy.  (Sentc. Tr. at 32-33.)

As to Mr. Correa-Castano's history and characteristics, the Court considered Mr. Correa-

Castano's lack of criminal history, his age and his young family, the fact that Mr. Correa-

Castano had suffered "extraordinarily harsh circumstances" of confinement in Colombia while

awaiting extradition to the United States, and his evident remorse.  (Id. at 32-35.)  In light of

those considerations and others stated on the record, the Court varied downward from the then-

---

[2]     The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and
circumstances of the offense and the history and characteristics of the defendant; (2) the
need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote
respect for the law, and to provide just punishment for the offense; (B) to afford adequate
deterrence to criminal conduct; (C) to protect the public from further crimes of the
defendant; and (D) to provide the defendant with needed educational or vocational
training, medical care, or other correctional treatment in the most effective manner; (3)
the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ;
(5) any pertinent policy statement [issued by the Sentencing Commission in effect on the
date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities
among defendants with similar records who have been found guilty of similar conduct;
and (7) the need to provide restitution to any victims of the offense."  18 U.S.C.A.
§ 3553(a) (Westlaw through P.L. 117-51).

applicable guidelines range of 235 to 293 months, and imposed a sentence of 180 months of imprisonment to be followed by five years of supervised release. (Id.)

In the nine years since Mr. Correa-Castano's sentencing hearing, there have been several developments relevant to this Court's evaluation of the section 3553(a) factors in this case. First, as explained at greater length in the Court's Order dated April 16, 2015 (docket entry no. 98 (the "April 2015 Order")), the United States Sentencing Commission amended the United Sates Sentencing Guidelines Manual, effective November 1, 2014, to lower the guideline sentencing range for certain categories of drug offenses, including Mr. Correa-Castano's, and authorized the retroactive application of that amendment. Though the Court concluded that Mr. Correa-Castano was ineligible for a reduction in his sentence pursuant to those amendments—because his 180-month custodial sentence was lower than the low end of his as-amended guidelines range of 188 to 235 months (see April 2015 Order at 1-2)—the Court still considers this development in its consideration of the section 3553(a) factors. Second, Mr. Correa-Castano's last nineteen months in custody have occurred during the lockdowns and related restrictions imposed by the BOP as a result of the COVID-19 pandemic, resulting in a more severe term of imprisonment than the Court contemplated at the time of Mr. Correa-Castano's sentencing. Third, Mr. Correa-Castano has completed the vast majority of his custodial term, has had no disciplinary incidents while in custody, and continues to express his remorse for the crimes for which he was sentenced. (See Motion at 1; Opp. at 3.)

With these developments and the section 3553(a) factors in mind, the Court next considers whether Mr. Correa-Castano's proffered extraordinary and compelling reasons warrant a reduction in his sentence. 18 U.S.C.A. § 3582(c)(1)(A). Mr. Correa-Castano principally proffers as such a reason that his father died in March 2021, of a COVID-19 infection and that,

as a result, Mr. Correa-Castano's fifteen-year-old daughter and mother need him to serve as a caretaker and provider for the family.  (Motion at 1-3; Reply at 1-2.)[3]  Mr. Correa-Castano's mother writes that, while she has been serving as the primary caretaker for her granddaughter, she has "nether the moral nor the financial strength to keep on doing it."  (Motion Ex. B.)  Mr. Correa-Castano also reports that his mother is ill and unable to work outside the home.  (Reply at 1; Surreply at ECF page 4.)  He adds that the economic conditions in Colombia are difficult, that "there is not food, medical care, security, [or] payments for utilities in my family's house," and that his daughter and mother need him for the provision of life's essentials and to "keep a sure shelter to [his] daughter and mom."  (Reply at 1-2.)  Finally, Mr. Correa-Castano submits that his experience in custody during the COVID-19 pandemic—during which his facility's population "were double locked, without visits, without communication, [and] afraid about the [p]andemic" (Motion at 3)—constitutes a further circumstance warranting a reduction in his sentence.

On the particular facts presented by Mr. Correa-Castano and in light of the applicable section 3553(a) factors discussed above, the Court concludes that Mr. Correa-Castano has met his burden to show that extraordinary and compelling circumstances warrant a reduction in his custodial sentence to time served.  Even if Mr. Correa-Castano's family circumstances and experience during the COVID-19 pandemic might not each independently warrant such a reduction, when considered together and in the context of the 2014 amendments to the advisory guidelines applicable to Mr. Correa-Castano, they are together extraordinary and compelling circumstances warranting an effective eleven-month reduction in his sentence.  See, e.g., United States v. Romero, No. 15-CR-445-18-PAE, 2021 WL 1518622, at *4 (S.D.N.Y. Apr. 16, 2021)

---

[3]     Mr. Correa-Castano also proffers that he has an employment opportunity available for him upon his release and anticipated removal to Colombia.  (See Motion Ex. D.)

(granting compassionate release in part due to a defendant's experience during the COVID-19 pandemic after recognizing that "a day spent in prison under extreme lockdown and in fear of contracting a deadly virus exacts a price on a prisoner beyond that imposed by an ordinary day in prison"); United States v. Wooten, No. 3:13-CR-18-SRU, 2020 WL 6119321, at *7-9 (D. Conn. Oct. 16, 2020) (granting motion for compassionate release filed by defendant who was "the only available caregiver for his aging mother and disabled sister in Ohio," even where he was not "technically [his sister's] only available caregiver," where the defendant had no disciplinary history in nearly a decade of incarceration, and was "quite near the end of his sentence," among other circumstances); United States v. Clark, No. 97-CR-817-DC, 2021 WL 1066628, at *4 (S.D.N.Y. Mar. 18, 2021) (granting compassionate release in part due to the fact that the defendant's sentence was "a product of the then-mandatory Sentencing Guidelines and under today's sentencing scheme, I would not have given him such a long and harsh sentence").

As the Government recognizes (Opp. at 2-3), Mr. Correa-Castano has a pending ICE detainer lodged against him and will very likely be deported upon his release from custody. Indeed, returning to Colombia "as soon as possible" is Mr. Correa-Castano's intention. (Motion at 3.) The Court will therefore order Mr. Correa-Castano released directly into ICE custody for the purpose of his prompt removal from the United States to his home country of Colombia, see, e.g., United States v. Molina Acevedo, No. 18-CR-365-LGS, 2020 WL 3182770, at *4 (S.D.N.Y. June 15, 2020) ("Defendant shall be released into the custody of ICE for removal to Mexico."). United States v. Hernandez Frometa, No. 18-CR-660-AKH, 2020 WL 6132296, at *4 (S.D.N.Y. Oct. 19, 2020) ("The Government is ordered to release Hernandez Frometa to ICE custody."), and will direct the Government to make efforts to facilitate, and to update the Court as to the status of, that process.

CONCLUSION

For the reasons set forth above, Mr. Correa-Castano's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) is granted.  Mr. Correa-Castano's custodial sentence is hereby shortened to time served plus whatever time is reasonably necessary to facilitate the BOP's release of Mr. Correa-Castano directly into ICE custody for the purpose of his prompt removal to Colombia.  An Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) will also be entered.

The Government is directed to (1) notify the BOP of this Memorandum Decision and Order and the related Order on Motion for Sentence Reduction; (2) notify ICE that Defendant's sentence is completed and that he appears to wish to waive any objection to his prompt removal to Colombia; and (3) file a status letter on **November 15, 2021**, and on the fifteenth of each month thereafter to the extent Mr. Correa-Castano has not yet been removed to Colombia, updating the Court on the status of his release and removal.

In the event that Mr. Correa-Castano is released to the community rather than held by immigration authorities, he shall upon release begin his five-year term of supervised release subject to the previously imposed terms of supervised release, including all standard, mandatory, and special conditions of supervision imposed at sentencing by this Court, and shall in that event promptly contact the Court's Probation Office to coordinate his supervision.

This Memorandum Decision and Order resolves docket entry nos. 121 and 128.

SO ORDERED.

Dated: New York, New York
        October 27, 2021

_/s/ Laura Taylor Swain_____
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copy mailed to**:

Carlos Alberto Correa-Castano
Reg. No. 63867-054
FCI Bennettsville
Federal Correctional Institution
P.O. Box 52020
Bennettsville, SC 29512